UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Widallys Rivera Quiñones on behalf of her minor child, A.V.R.<br><br>    Plaintiff,<br><br>v.<br><br>DDR Caribbean Property Management LLC, DDR del Sol LLC<br><br>    Defendant. | Civil No 15-2249<br><br><br>Jury Trial Demanded |

COMPLAINT
(Injuntive Relief Demanded)

Plaintiff, Widallys Rivera Quiñones, on behalf of her minor child A.V.R., and on behalf of all other individuals similarly situated, (referred to as "Plaintiff"), hereby sues the Defendants, DDR Caribbean Property Management LLC and DDR del Sol LLC (collectively reffered to as "DDR") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), as well as violation of the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.  DDR Caribbean Property Management LLC, DDR del Sol LLC

1. Plaintiff is a Puerto Rico resident, lives in **Toa Alta,** Puerto Rico, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is severely limited or unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair or wheelchair and has limited use of her hands.

2. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and

36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as **Plaza del Sol.** *See Exhibit A.*

3. Venue is properly located in the District of Puerto Rico because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facilty"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of **Plaza del Sol** has shown that violations exist. These violations -- which Plaintiff encountered -- include, but are not limited to:

   a) The plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. <u>Violation</u>: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

   b) The plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. <u>Violation</u>: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

   c) The plaintiff had dificulty exiting the vehicle as the designated parking space was not at least 96 in (2440 mm) wide and the parking access aisle was not part of an accessible route to the building entrance. <u>Violation</u>: Some of the disabled use spaces are located in violation of Section 4.6.2, 4.6.3, and 4.6.6 of the ADAAG, whose resolution is readily achievable.

    d)    An accessible path of travel is not provided from the accessible parking spaces to the facility. (1991 ADAAG Sections 4.3.2(1); 4.3.7; 2010 ADAAG Sections 206.2.1; 403.3).

    e)    The plaintiff had dificulty finding parking, including van-accesible parking spaces (in violation of STANDARDS 208 & 502)

    f)    Non-compliant floor and ground surfaces (in violation of STANDARDS 302, 303, 304, 305, 306 and 307);

    g)    Non-compliant interior accessible routes and clear floor space (in violation of STANDARDS 206, 402, 403 and 404);

    h)    Non-compliant entrances (in violation of STANDARDS 206.4, 402, 403 and 404);

    i)    The plaintiff had difficulty buying tickets at Caribbean Cinemas; Non-compliant service counter (in violation of STANDARDS 227 and 904);

    j)    Non-compliant assembly areas at Caribbean Cinemas; minor cannot watch a movie without being segregated; full and equal enjoyment is denied.

    k)    The plaintiff had dificulty in the restroom at Caribbean Cinemas (doors in violation of ADAAG § 309.4; 404.2.7; lack of accesories and equiment under 2010 ADAAG § 36.211; 308; 309.3; dificulty washing hands (2010 ADAAG § 305.4; 306; 606.2); and others: 2010 ADAAG Seccs. 604.4, 604.5; 604.6; 609.4; objects under 28 C.F.R. 36.211; 1991 ADAAG § 4.13.6; 2010 ADAAG § 404.2.4, as well as lack of proper signage.

8. Plaintiff is a frequent visitor of the area where Defendant's property is located and is a frequent visitor of Plaza del Sol. In July 2015, Plaintiff visited the property which forms

the basis of this lawsuit and encountered the discriminatory violations described in paragraph 7.

9. Plaintiff plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA compliant. As detailed in the preceding paragraph, Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability.

10. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

11. The plaintiff had dificulty when arriving the facility because it was not wheelchair accessible.

12. The plaintiff had difficulty exiting the facility as it is not not wheelchair accessible.

13. The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

14. Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

15. The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or

accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

16. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

17. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Plaza del Sol not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

18. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

19. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter **Plaza del Sol** to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

23. Plaintiff incorporates all the prceeding paragraphs. Plainitff suffered discrimination in violation of the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

24. Plaintiff request a trial by jury on all issues triable by jury.

**WHEREFORE**, Plaintiff respectfully requests:

a) The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b) Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c) Compensatoty and punitive damages as allowed by the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13 and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

d) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

e) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

/S/JOSE CARLOS VELEZ-COLÓN, ESQ.
USDC-PR Núm.: 231014
jcvelezcolon@gmail.com

EDIFICIO JOAQUÍN MONTESINO
CALLE ROSSY ESQ. ISABEL II
SUITE 109-B BAYAMÓN, P.R. 00960

TEL: (787) 798-5233
FAX: (787) 798-5234

*Attorney for*
*Widallys Rivera Quinones*